F. W. ROHLFING, ADMINISTRATOR OF THE ESTATE OF GEORGE A. GROVER, DECEASED *v.* MOSES AKIONA, LTD., A HAWAII CORPORATION, AND CITY AND COUNTY OF HONOLULU, A MUNICIPAL CORPORATION.

No. 4136.

FEBRUARY 20, 1962.

TSUKIYAMA, C. J., CASSIDY, WIRTZ AND LEWIS, JJ.,
AND CIRCUIT JUDGE HAWKINS
ASSIGNED BY REASON OF VACANCY.

*Per Curiam.* Defendants-appellees filed a petition for rehearing, contending that the opinion of the court overlooked R.L.H. 1955, § 246-1.[1] Under the rule we are following, "damages are viewed and measured in terms of loss suffered by the decedent." *Burns* v. *Goldberg,* 210

---

[1] "§ 246-1. *Torts, who may sue and for what.* Except as otherwise provided, all persons residing or being in the Territory shall be personally responsible in damages, for trespass or injury, whether direct or consequential, to the person or property of others, or to their wives, children under majority, or wards, by such offending party, or by his wife, or his child under majority, or by his command, or by his animals, domitae or ferae naturae; and the party aggrieved may prosecute therefor in the proper courts."

F.2d 646, 650 (3d Cir.). This rule permits recovery for impairment or destruction of earning capacity not only when caused by the loss of a limb or the like but also when caused by the loss of years in which to earn. We perceive nothing in section 246-1 to the contrary.

It further is urged that since the wrongful death statute[2] mentions damages for "reasonable expenses of last illness and burial"[3] this militates against the right under the survival statute[4] delineated in the court's opinion. The contention is that "these damages are a portion of the damages resulting from the injury" and under the reasoning of the court's opinion come under the survival statute, not the wrongful death statute. This is an argument which, if it has any validity at all, leads to the conclusion that damages resulting from an injury are not recoverable under the survival statute when the injury proves fatal. That could be true only if the survival statute was limited to cases in which death ensued from causes other than the wrongful act complained of. In the fourth paragraph of our opinion we held to the contrary, and that holding is not attacked by the petition. But even if petitioners' argument were deemed to raise an ambiguity as to the survival of the cause of action for the tort that caused the death, this ambiguity would be resolved upon consideration of the legislative history reviewed in our opinion.

Rehearing denied.

Tsukiyama, C. J., and Cassidy, J., dissent for the reasons stated in the dissenting opinion filed in this case.

*Morris P. Skinner, William L. Fleming* and *James S. Campbell (Smith, Wild, Beebe & Cades* of counsel) for the petition.

---

2R.L.H. 1955, § 246-2.
3See *Rohlfing* v. *Moses Akiona, Ltd.,* 45 Haw. 373, 375-76, n.3.
4R.L.H. 1955, § 246-6.